**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GEORGE JOSEPH MCNALLY, JR.,**

                      **Plaintiff,**

  vs.                                                 **5:14-CV-00076
                                                        (MAD/ATB)**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**LAW OFFICES OF STEVEN R. DOLSON**     **STEVEN R. DOLSON, ESQ.**
126 North Salina Street, Suite 3B
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **JOANNE JACKSON PENGELLY, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his application for Disability Insurance Benefits ("DIB"). This matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Magistrate Judge Baxter recommended that this Court affirm the Commissioner's decision denying Plaintiff's application for DIB. *See* Dkt. No. 15. Presently before the Court are Plaintiff's objections to the Report-Recommendation. *See* Dkt. No. 16.

## II. BACKGROUND

Plaintiff was thirty-seven years old on October 1, 1997, the date that disability was alleged to have started. *See* Dkt. No. 8, Administrative Transcript ("T."), at 92-95. Up until that date, Plaintiff had performed construction and carpentry work, which included, among other things, the framing and installation of windows. *See id.* at 33. Plaintiff was married in 1977 and has three adult children. *See id.* at 44, 92. He completed his formal education through ninth grade in regular education classes. *See id.* at 38, 115, 281.

In 1985, Plaintiff had an accident at work and the tips of the middle and ring finger of his dominant hand were amputated. *See id.* at 18, 266. The amputation affects his ability to hold a writing instrument, but Plaintiff did not describe any limitation in his ability to perform construction work due to that injury. *See id.* at 40. In 1996, Plaintiff underwent back surgery but continued to have pain, and ultimately stopped working in 1997. *See id.* at 92, 98. Plaintiff was unsuccessful in an attempt to return to his work in construction in 1999. *See id.* at 37, 115. Plaintiff also worked briefly as a self-employed carpenter in 2006. *See id.* at 34, 213.

Plaintiff protectively filed for DIB on December 26, 2010, alleging a disability beginning on October 1, 1997. *See id.* at 92-95. The application was initially denied on May 27, 2011, *see id.* at 54-57, and Plaintiff requested a hearing, which was held by video on September 12, 2012 before Administrative Law Judge Marie Greener ("ALJ"). *See id.* at 26-46. The ALJ issued a decision on October 18, 2012 finding that despite severe impairments – degenerative disc disease and amputation of the tips of some fingers of the right hand – Plaintiff was not disabled from October 1, 1997 through March 31, 2003, the insured period, within the meaning of the Social Security Act. *See id.* at 15-22. Request for review by the Appeals Council was timely filed on November 30, 2012. *See id.* at 10-11. The ALJ's decision became the final decision of the

Commission when the Appeals Council denied Plaintiff's request for review on December 6, 2013. *See id.* at 1-3. Plaintiff commenced this action for judicial review of that decision by filing a complaint on January 23, 2014. *See* Dkt. No. 1. Both parties have moved for judgment on the pleadings. *See* Dkt. Nos. 12, 14.

### III. DISCUSSION

**A.     The Standard of Review**

In a judicial review of a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine anew whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the administrative transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). This Court must afford the Commissioner's determination considerable deference, and may not substitute its own judgment, even if a different result could

3

be justifiably reached by the Court if it engaged in its own analysis. *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

For purposes of both DIB, a person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). There is a five-step analysis for evaluating disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citations omitted). The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step. *Id.*

**B.     Report-Recommendation**

Magistrate Judge Baxter recommends to the Court that the ALJ's determination be affirmed because it is supported by substantial evidence in the administrative record. *See* Dkt.

No. 11. Specifically, Magistrate Judge Baxter found that there is substantial evidence to support the ALJ's findings that Plaintiff did not have the requisite deficits in adaptive functioning and, therefore, Plaintiff's impairments did not meet or medically equal the listed impairment for intellectual disability under section 12.05(C) of 20 C.F.R. Part 404, Subpt. P, App. 1 ("12.05(C)"). *See* Dkt. No. 15 at 10-12. Magistrate Judge Baxter also found that Plaintiff's residual functional capacity ("RFC"), as it was determined by the ALJ, is supported by substantial evidence in the record. *See id.* at 13-17. Finally, Magistrate Judge Baxter found that the testimony of a vocational expert was not necessary because Plaintiff had the RFC to perform a full range of light work as of the date he was last insured. *See id.* at 18-20.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a magistrate judge's report and recommendation to which a party specifically objects. "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Medick v. Astrue*, No. 5:11-CV-0851, 2012 WL 5499445, *3 (N.D.N.Y. Nov. 13, 2012) (quoting N.D.N.Y. L.R. 72.1(c)). An objection that merely reiterates the same arguments already made in the objecting party's original papers submitted to the magistrate judge is reviewed only for clear error. *Id.* "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Proper v. Astrue*, No. 6:10-CV-1221, 2012 WL 1085810, *3 (N.D.N.Y. Mar. 30, 2012). "After conducting the appropriate review, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

**C. Plaintiff's Objections**

In Plaintiff's objections, he argues that the ALJ improperly found that Plaintiff did not meet or medically equal a listed impairment under § 12.05(C) because the record contained evidence that he suffered some deficits of adaptive functioning. *See* Dkt. No. 16-1 at 1-2. This contention was presented and argued to Magistrate Judge Baxter. Accordingly, the Court reviews this part of Plaintiff's objections for clear error on the face of the record.

An intellectual disability under § 12.05 is defined as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period." In order to meet or medically equal the listed impairment of § 12.05(C), a plaintiff must demonstrate deficits in adaptive functioning, a full scale IQ of 60 through 70, and one other additional significant work-related limitation of function. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, 12.05(C); *Talavera v. Astrue*, 697 F.3d 145, 153 (2d Cir. 2012); *Edwards v. Astrue*, No. 5:07-CV-898, 2010 WL 3701776, *2-3 (Sept. 16, 2010). The Court, having reviewed Magistrate Judge Baxter's Report-Recommendation together with the administrative record, finds that there is no clear error. The Court finds that Magistrate Judge Baxter stated correctly that the language of § 12.05, "deficits in adaptive functioning," refers to the "inability to cope with the challenges of ordinary everyday life." Dkt. No. 15 at 11.

Magistrate Judge Baxter also acknowledged Plaintiff's contention that a qualifying level of deficits does not mean that a plaintiff cannot have adaptive functioning in some areas. *See id.* However, in concluding that substantial evidence supports the determination that Plaintiff does not suffer from the requisite deficit in adaptive functioning, Magistrate Judge Baxter discussed the evidence in the record, including that Plaintiff has been employed for approximately twenty years as a framer in construction, and Plaintiff was using public transportation, socializing, and working on a small engines as a hobby. *See id.* at 12. It was further discussed that Plaintiff is

6

married, raised three children, maintains a driver's license, and assists with household chores, food preparation, and pet care. *See id.*

Plaintiff further objects to that part of Magistrate Judge Baxter's Report-Recommendation that addresses the ALJ's failure to consider Plaintiff's non-exertional limitations in the RFC analysis. *See* Dkt. No. 16-1 at 3-4. Plaintiff specifically objects to the statement in the Report-Recommendation, which states that Dr. Christina Caldwell, a consultive psychologist, "did not address [P]laintiff's capacity to perform light or sedentary work" in her report. *See* Dkt. No. 16-1 at 3. Plaintiff interprets this statement as Magistrate Judge Baxter's basis for finding that the RFC, without any nonexertional limitations, was supported by substantial evidence. *See id.* Plaintiff essentially contends that the ALJ and, subsequently, Magistrate Judge Baxter have overlooked Plaintiff's mental impairments, which are nonexertional, and that the mental impairments should have been considered in the RFC analysis. *See id.* at 3-4. According to Plaintiff, the RFC should have included a limitation for simple, routine, and repetitive work. *See id.* at 3-4.

Magistrate Judge Baxter summarized Dr. Caldwell's evaluation report, including the doctor's assessment of Plaintiff's mental functions. *See* Dkt. No. 15 at 17. As part of the summary, Magistrate Judge Baxter noted that Dr. Caldwell did not address Plaintiff's capacity to perform light or sedentary work as of the date last insured. *See id.* Magistrate Judge Baxter did not find that the ALJ's determination was supported by substantial evidence based solely upon that fact. *See id.* Magistrate Judge Baxter found that the ALJ properly discounted Dr. Caldwell's "report after evaluating the objective medical evidence of [P]laintiff's mental impairment and [P]laintiff's work history." *See id.* Although a plain reading of the Report-Recommendation

7

demonstrates that Plaintiff's interpretation and, in turn, his objection is without merit, the Court reviews *de novo* the RFC as it relates to Plaintiff's alleged mental impairments.

At the fourth step in the disability analysis, the ALJ determines a plaintiff's RFC, which is what a plaintiff can still do despite his limitations. *See* SSR 96-8P, 1996 WL 374184, *2. The "RFC is an administrative assessment of the extent to which an individual's medically determinable impairments(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id.* The assessment takes into consideration the limiting effects of all of a plaintiff's impairments, severe and non-severe, and the determination sets forth the most a plaintiff can do. *See* 20 C.F.R. § 404.1545(a)(1), (e). The RFC assessment is based upon all the relevant evidence including medical source statements from treating and non-treating physicians and descriptions and observations of limitations from lay sources. *See* 20 C.F.R. § 404.1545(a)(3).

The ALJ specifically evaluated the medical evidence related to Plaintiff's intellectual functioning and diagnosis of depression. *See* T. at 18, 20-21; Dkt. No. 15 at 16-17. The ALJ found that the medical evidence did not show that Plaintiff exhibited signs of depression through his last date insured. *See* T. at 20. The ALJ further addresses Plaintiff's cognitive function, acknowledging Plaintiff's low IQ score but finding that Plaintiff was still able to perform construction work using measurements. *See id.* The ALJ specifically notes that Dr. Caldwell found that Plaintiff had average cognitive function. *See id.*

The Court's review of the record indicates that Plaintiff had been employed as truss builder and framer for approximately 20 years. *See* T. 18, 134. Plaintiff is able to use public transportation, socialized, and engaged in working on small engines as a hobby. *See id.* at 18, 43.

Plaintiff is married and has raised three children. *See id.* at 35, 126, 129, 281. He also assists in the household chores and food preparation. *See id.* Plaintiff maintains a driver's license, and he was able to drive himself to the consultive examination thirty miles away from his home. *See id.* at 129, 281. Based upon review of the medical evidence and the hearing transcript, the Court finds that the Plaintiff's RFC, as determined by the ALJ, is supported by substantial evidence.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-state reasons, the Court hereby

**ORDERS** that the Report-Recommendation of Magistrate Judge Andrew T. Baxter, filed March 16, 2015, is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 9, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge